UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEMIE B.V., ) <br> ) <br> Plaintiff, ) <br> ) <br> -v- ) <br> ) <br> ELEMENTC6, INC., ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Jemie B.V. ("Plaintiff"), alleges as follows:

## PARTIES

1. Plaintiff is a Netherlands limited liability company with its principal place of business in Oosterhout, Netherlands.

2. On information and belief, Defendant elementC6, Inc. ("Defendant") is a Wyoming corporation with a principal place of business at 1712 Pioneer Avenue, Suite 1875 Cheyenne, Wyoming, 82001.

## JURISDICTION AND VENUE

3. This Court has jurisdiction because (i) this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq*. (the "Lanham Act"), with jurisdiction specifically conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b); and (ii) this is an action between a citizen of one state and a foreign citizen, in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the Illinois state statutory and common law claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

-2-

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS

<u>Plaintiff's Use of and Rights to the CANNA Name and Mark</u>

5.      Plaintiff is a Netherlands limited liability company that has been manufacturing and selling products under the well-known CANNA brand name and trademark internationally since 1993, and throughout the United States for almost 15 years.

6.      Long before the acts of Defendant complained of herein, Plaintiff through its licensee has used the CANNA mark and the CANNA trade name in the United States in connection with plant fertilizers, nutrients, stimulators, fungicides, herbicides, and related products, which are sold to commercial customers and individual consumers. In addition to being sold under the CANNA mark, these goods are also sold under other CANNA-formative marks, including use in the following formats: CANNAZYM, CANNABOOST, CANNA START, and CANNA CONTINENTAL.

7.      Plaintiff and its licensee advertise and promote Plaintiff's CANNA-branded goods in the United States through multiple channels, including through the website at www.cannagardening.com, the magazine CANNATALK, and the grow guide at www.growguide.info.

8.      Plaintiff and its licensee have sold millions of dollars worth of goods throughout the United States under the CANNA name and mark, and have spent substantial sums marketing and promoting goods under this name and mark.

9. By virtue of the aforementioned sales and marketing, Plaintiff's CANNA name and mark have become well known throughout the United States, and represent extremely valuable goodwill for Plaintiff.

<u>Defendant's Infringing Activity</u>

10. On information and belief, Defendant is in the business of selling soil amendment products for commercial and individual consumer uses.

11. Defendant's products allegedly promote healthier, faster-growing plants by improving soil fertility.

12. Recently, Defendant began to market and sell a product under the trademark CANNACHAR, which it markets as an "all purpose, 100% natural, clinically proven, biochar based soil amendment."

13. Defendant markets and sells its CANNACHAR product through its website located at www.cannachar.com, as well as at trade shows.

14. Defendant markets and has offered and sold its CANNACHAR product to customers in this judicial district.

15. The marketing and packaging for Defendant's CANNACHAR product emphasizes the "Canna" portion of the name, as it appears in white, while the "Char" portion appears in a different color, such as green, as shown by the photo of the product packaging below:



16. On January 8, 2015, Defendant filed an intent-to-use United States trademark application for the CANNACHAR mark in International Class 1 for "Charcoal for use as a soil conditioner; Soil amendments in the form of biochar," which was assigned U.S. Trademark Application Serial Number 86/498,966.

17. On information and belief, Defendant's adoption and use of a CANNA-formative trademark — and product packaging that emphasizes the term "Canna" — to market and sell a soil amendment agricultural growth product similar to Plaintiff's soil additives, fertilizers, and nutrients constitutes a deliberate, intentional, and willful attempt to trade upon Plaintiff's business reputation and goodwill in its well-known CANNA name and mark.

18. Plaintiff, through its counsel, sent Defendant a letter dated June 24, 2015, setting forth its objections to Defendant's use of the CANNACHAR trademark, and making several demands, including that it cease its use of the mark and withdraw its U.S. trademark application for the mark. Despite follow-up communications from Plaintiff's counsel, Defendant never responded substantively to this letter, nor did it indicate whether it would comply with any of

-5-

Plaintiff's demands. To date, Defendant's sales and promotion of its CANNACHAR product continue.

19. Defendant's infringing use of the CANNA name and mark has caused and will continue to cause irreparable harm to Plaintiff and to the goodwill Plaintiff owns in the CANNA name and mark, as well as lost sales for Plaintiff.

## COUNT I
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

20. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21. Defendant's aforesaid use of the CANNACHAR trademark in connection with the sale of its soil amendment product is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, in that purchasers are likely to believe that Plaintiff authorizes or controls the sale, offering, or provision of Defendant's goods, or that Defendant is associated with Plaintiff.

22. Defendant's actions constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23. Defendant's acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court; wherefore, Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the CANNACHAR trademark in connection with its soil amendment product, or in connection with any other product similar or related to Plaintiff's products.

## COUNT II
## VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT — 815 ILCS 510/2

24. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

25. Defendant's use of the CANNACHAR trademark confusingly similar to Plaintiff's well-known CANNA name and mark for similar products that Plaintiff offers and sells under the CANNA name and mark has actually deceived, has the tendency to deceive, and/or it likely to deceive consumers into believing that Plaintiff is the source of, sponsors, or approves of Defendant's CANNACHAR soil amendment.

26. Defendant's misconduct alleged herein constitutes a violation of the Uniform Deceptive Trade Practices Act, codified at 815 ILCS 510, *et seq.*

27. As a direct and proximate result of the above-described deceptive trade practices, Plaintiff has suffered and is suffering irreparable injury. Plaintiff will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

## COUNT III
## UNFAIR COMPETITION — ILLINOIS COMMON LAW

28. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

29. Defendant's misconduct alleged herein constitutes unfair competition under the common law of the State of Illinois.

30. As a direct and proximate result of this unfair competition, Plaintiff has suffered and is suffering irreparable injury. Plaintiff will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

1. Defendant, its officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Defendant who receive notice hereof, including but not limited to all subsidiaries, affiliates, and licensees of Defendant, be preliminarily enjoined during the pendency of this action and permanently enjoined from directly or indirectly infringing Plaintiff's CANNA mark in any manner, and specifically:

    a) selling, offering for sale, or otherwise using the name and trademark CANNACHAR in connection soil amendments, soil additives, fertilizers, nutrients, or any other similar agricultural products;

    b) applying the CANNA mark, any CANNA-formative mark, or any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's CANNA mark, to any advertisement, website, domain name, social media account or handle, point of purchase materials, catalog, brochure, sign, print, press release, or other material used in connection with the promotion, sale and/or offering for sale of any soil amendments, soil additives, fertilizers, nutrients, or any other similar agricultural products;

    c) using any mark that is confusingly similar to Plaintiff's CANNA mark in connection with the manufacture, promotion, sale, and/or offering for sale of any soil amendments, soil additives, fertilizers, nutrients, or any other similar agricultural products;

    d)    using any other trademark, trade name, logo or design that tends to falsely represent, or that is likely to confuse, mislead, or deceive consumers to believe that Defendant's products have been sponsored, approved, or licensed by, or are in some way connected or affiliated with Plaintiff;

    e)    engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive consumers, to believe that Defendant and any of its products are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

    f)    destroying or otherwise disposing of evidence until final determination of this action, including:

        (1)    any goods offered for sale under the CANNACHAR trademark;

        (2)    any promotional or advertising materials, packaging, labels, web site versions, or any other items with the CANNACHAR trademark or that reproduce, copy, counterfeit, imitate or bear Plaintiff's CANNA name and mark;

        (3)    any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, sale, or offering for sale CANNACHAR products or any other products sold or offered for sale in connection with the CANNACHAR trademark.

2.    Defendant, and all others holding by, through, or under Defendant, be required, jointly and severally, to:

    a)    account for and pay to Plaintiff all profits derived by Defendant from its acts of false designation of origin and unfair competition, such award to be trebled in accordance with 15 U.S.C. § 1117(a);

    b)    pay to Plaintiff the amount of all damages incurred by Plaintiff by reason of Defendant's acts of false designation of origin and unfair competition, such amount to be trebled in accordance with 15 U.S.C. § 1117(a);

    c)    pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and the statutory and common law of the State of Illinois.

3. The Court order that Defendant transfer the domain name www.cannachar.com to Plaintiff.

4. The Court order the United States Patent and Trademark Office to refuse registration of Defendant's United States Trademark Application Serial Number 86/498,966 for the trademark CANNACHAR on the ground that a likelihood of confusion exists between it and Plaintiff's CANNA trademark.

5. Plaintiff have such other and further relief as the Court deems just and equitable.

-10-

DATED: August 31, 2015　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　By: *s/*Jonathan S. Jennings/
　　　　　　　　　　　　　　　　　　Jonathan S. Jennings (Ill. Bar No. 6204474)
　　　　　　　　　　　　　　　　　　Phillip Barengolts (Ill. Bar No. 6274516)
　　　　　　　　　　　　　　　　　　Jason Koransky (Ill. Bar No. 6303746)
　　　　　　　　　　　　　　　　　　PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD
　　　　　　　　　　　　　　　　　　& GERALDSON LLP
　　　　　　　　　　　　　　　　　　200 South Wacker Drive, Suite 2900
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　Telephone: (312) 554-8000
　　　　　　　　　　　　　　　　　　Facsimile: (312) 554-8015
　　　　　　　　　　　　　　　　　　*jsj@pattishall.com*
　　　　　　　　　　　　　　　　　　*pb@pattishall.com*
　　　　　　　　　　　　　　　　　　*jmk@pattishall.com*

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Jemie B.V.*